UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: SHANNON DONNELLY SCHWEITZER

CIVIL ACTION

NO. 07-2710

SECTION N (5)

**ORDER AND REASONS**

Before the Court is the Rule 60 Motion for Relief from Order (Rec. Doc. No. 41) filed by Robert G. Harvey, Sr. ("Harvey"). The Debtor Shannon Donnelly Schweitzer ("Schweitzer") opposes this motion.

**I.  BACKGROUND**

On May 18, 2005, through her father and tutor, Schweitzer commenced her bankruptcy case[1] by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter, ten related cases pending in Louisiana state courts were removed to this Court and referred to the Bankruptcy Court, pursuant to Local Civil Rule No. 83.4.1.

One of the suits removed from state court was a defamation suit captioned *Robert G. Harvey, Sr. v. Brent D. Burley*.[2] The reference was subsequently withdrawn; the case was returned to this Court. On May 24, 2006, this Court remanded the case back to Civil District Court for the Parish of Orleans. After the case was remanded, Harvey propounded discovery requests, which Burley objected to, arguing that the material sought was the property of Schweitzer's bankruptcy estate.

---

[1] Bankruptcy case no. 05-14143.

[2] Brent D. Burley ("Burley") was employed by Schweitzer as special litigation counsel to represent the bankruptcy estate in the lawsuits that were removed to federal court and in other litigation matters. Robert Harvey ("Harvey") represented Schweitzer, as her attorney, at a time prior to the commencement of the bankruptcy case.

Harvey filed a motion to compel this information in the state court defamation suit, without seeking relief from the automatic stay.

On December 29, 2006, Schweitzer filed a Motion for Imposition of Statutory Sanctions for Violations of 11 U.S.C. § 362(a) by Robert G. Harvey, Sr. in the bankruptcy case. (B.R. No. 214). Harvey opposed this motion. (B.R. No. 05-14143, Rec. Doc. 241). The Bankruptcy Court ultimately granted the motion for sanctions and directed Schweitzer's counsel to submit an affidavit of fees and expenses incurred. (See B.R. No. 05-14143, Rec. Doc. 267). After briefing from the parties on the issue of fees and expenses, the Bankruptcy Court conducted the hearing wherein the Court entertained arguments by Harvey not only upon the affidavit of fees and expenses, but also on additional arguments regarding the merits of the original motion for sanctions. At the hearing, the Bankruptcy Court reiterated the decision to grant the motion for sanctions and announced the imposition of sanctions against Harvey in the amount of $13,891.78. (See B.R. No. 05-14143, Rec. Doc. 284). The Bankruptcy Court entered its Order granting the motion for sanctions on March 9, 2007. (B.R. No. 05-14143, Rec. Doc. 290).

On March 19, 2007, Harvey filed a Motion for New Trial or Other Relief from the order granting the motion for sanctions (B.R. No. 05-14143, Rec. Doc. 298). Schweitzer opposed this motion, and the Bankruptcy Court denied the motion for new trial and other relief. (B.R. No. 05-14143, Rec. Doc. 308). On April 6, 2007, Harvey filed his "Notice of Appeal" (B.R. No. 322) in the District Court. Following briefing by the parties, the Court heard oral argument on August 1, 2007. The undersigned affirmed the order of the Bankruptcy Court, which imposed sanctions, but ultimately reduced to amount of sanctions to $11,066.28. (Case no. 07-2710, Rec. Docs. 32, 33, and 34).

On September 10, 2007, Harvey filed a Notice of Appeal (Case no. 07-2710, Rec. Doc. 35) with the Fifth Circuit Court of Appeals.  On December 14, 2007, Harvey filed the instant motion in this Court.  (Case no. 07-2710, Rec. Doc. 41).  The Fifth Circuit stayed the appeal pending ruling on the instant motion. (Case no. 07-2710, Rec. Doc. 46).

II.     ANALYSIS

Harvey has filed a motion, pursuant to Rule 60 of the Federal Rules of Civil Procedure, seeking an order from this Court amending or altering the judgment of March 9, 2007, which imposed sanctions upon him.  However, the March 9, 2007 judgment was entered by the Bankruptcy Court.  Harvey appealed that sanctions award to this Court.  As the reviewing Court, this Court affirmed the Bankruptcy Court's imposition of sanctions, but reduced the sanctions award by a small amount. As Schweitzer points out, Rule 60 of the Federal Rules of Civil Procedure does not provide a means for this Court to amend or alter either the original award of the Bankruptcy Court, or the Judgment of this Court affirming the imposition of sanctions and reducing the sanctions award.

Although Bankruptcy Rule 9024 makes Rule 60 applicable to cases under the Bankruptcy Code, it applies only to judgments or orders of the bankruptcy court, and not to judgments or orders of a district court exercising appellate jurisdiction in a bankruptcy case. *Ben-Bauch v. Island Properties*, 362 B.R. 565 (E.D. N.Y. 2007). When a district court is acting as an appellate court in a bankruptcy case, "Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing." *Matter of Butler, Inc.*, 2 F.3d 154 (5th Cir. 1993)(*quoting Matter of Eichelberger*, 943 F.2d 536, 538 (5th Cir.1991).  Thus, despite its title, Harvey's motion is a motion for rehearing governed by Bankruptcy Rule 8015, which provides that a motion for

3

rehearing must be filed within ten days after entry of judgment by the district court, unless a court's order or local rule provide otherwise. In this case, neither a court order nor a local rule provides otherwise.

Here, this Court entered Judgment on this issue on August 15, 2007. (Rec. Doc. 34). This motion was filed on December 14, 2007. (Rec. Doc. 41), approximately four months after this Court entered its judgment. Therefore, this motion is untimely according to Bankruptcy Rule 8015, and will not be considered by this Court.

### III.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **Rule 60 Motion for Relief from Order (Rec. Doc. No. 41)** should be and hereby is **DENIED as untimely**.

New Orleans, Louisiana, this 13th day of February, 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**